HOLLINS use of THE NEW YORK INSURANCE COMPANY, vs. BARNEY

APPEAL from *Baltimore* County Court. This was an action of *assumpsit*, and the declaration contained the usual money counts. The general issue was pleaded; and at the trial, the plaintiff, (now appellant,) gave in evidence, an admission of the defendant, (the appellee,) under his hand, that he had received on the 6th of April 1800, the sum of 22,138 livres, 5 sous, and 11 deniers, current money of *France*, equal to the sum of $4,025 14 cents current money of the *United States*, of the money of the plaintiff, arising from the sale of the cargo of a vessel called *The Patapsco*, which cargo belonged to the plaintiff, and had been captured and carried to *France*, and was there claimed by the defendant, and recovered and sold by him for the said sum. The defendant then read in evidence the following letter from the plaintiff to him, dated the 24th of December 1802: "Inclosed is my account current with you, balance in my favour $2600 52, without interest—nor have I charged you with the ship *Patapsco's* cargo received by you in *France*, which by your account current appears to be 22,138 5 11, or $4025 14, for two reasons—*first*, because the sum does not agree with my expectations as to the amount; *secondly*, the property was insured in *New York*, and abandoned to the underwriters, who paid me in full. Perhaps, however, they may appoint me their agent, and in that case you shall be informed. You will perceive also that no credit is given for what you are pleased to call my proportion of *Fenwick's* judgment, 1272 livres, or $1766 10, being at present totally dark on that subject. At the foot of the account two items are put down, but not the amounts. The first for want of information, and so of the second—which will depend upon the amount awarded in *London*. Some other entries may

In an action of *assumpsit* brought by J H, for the use of N Y, against J B, for a sum of money stated to be received for him by J B, from the sale of the cargo of a vessel belonging to J H, which had been captured, &c.— *Held*, that J. H, having caused the cargo to be insured by N Y, (for whose use the action was brought,) and after the capture having abandoned the cargo to the insurers, and having been paid by them, the action could not be maintained.

1813.

Mudd
vs
Mudd

occur, both Dr. and Cr. before our accounts are finally clos, ed; if so, you shall be informed." The defendant read this letter to prove, that before the time of bringing this action, the plaintiff had caused himself to be insured on the said cargo by *The New York Insurance Company*, named in the title of this cause as the persons for whose use the action was brought, and after the said capture, had abandoned the cargo to the said insurers, and had been by them paid for it. The defendant then prayed the opinion of the court, and their direction to the jury, that upon the said evidence the plaintiff was not entitled to recover. This direction the court, [*Hollingsworth*, A. J,] gave to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, NICHOLSON, EARLE, and JOHNSON, J.

*Harper*, for the Appellant,

*Martin* and *Stephen*, for the Appellee, contended, that the action was erroneously brought, that it should have been brought in the name of *The New York Insurance Company*, and not in the name of *Rollins*, (who had been paid,) for their use. They referred to *Marsh*. 519. ch. 14, s 4. *Burnes vs. Blackiston*, et al. 2 *Harr. & Johns*. 376; and *The Chesapeake Insurance Company vs. Stark*, 6 *Cranch*, 268.

JUDGMENT AFFIRMED.